IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FLOYD ALAN SMITH, JR., :
:
    Plaintiff, :
:
v. : Civil Action No. 17-1733-RGA
:
CONNECTIONS CSP, INC., :
:
    Defendant. :

---

Floyd Alan Smith, Jr., Central Violation of Probation Center, Smyrna, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

March 20, 2018
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Floyd Alan Smith, Jr., an inmate at the Central Violation of Probation Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] (D.I. 3). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). The Court screens and reviews the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## BACKGROUND

Defendant's Complaint refers to his criminal history as background. Defendant's recitation is generally consistent with what is reported in the Delaware Supreme Court's recent decision, which I quote:

> On January 22, 2013, Smith pled guilty to three counts of Burglary in the Second Degree. For each burglary count, Smith was sentenced, effective September 26, 2012, to eight years of Level V incarceration, suspended after one year for Level III probation. The sentencing order further provided that Smith was to be evaluated for substance abuse and follow any recommendations for treatment. . . .
> In March 2016, an administrative warrant was issued for Smith's first VOP. The warrant alleged that Smith had failed to request authorization to move out of state, failed to notify his probation officer of his change of address, tested positive several times for drugs, and failed to follow through with substance abuse treatment. On April 1, 2016, the Superior Court found Smith violated his probation.
> For the first count of Burglary in the Second Degree, Smith was sentenced to seven years and five months of Level V incarceration, suspended for one year of Level IV Crest, to be suspended upon successful completion for one year of Level III Crest Aftercare. For each of the other two counts of Burglary in the Second Degree, Smith was sentenced to seven years and five months of Level V incarceration, suspended for decreasing levels of supervision. The VOP sentencing

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

> order provided that the Treatment Access Center would evaluate and monitor Smith. . . .
> In December 2016, an administrative warrant was issued for Smith's second VOP. The warrant alleged that Smith violated his probation by testing positive for opiates. On December 30, 2016, the Superior Court found that Smith violated his probation.
> For the first count of Burglary in the Second Degree, Smith was sentenced to six years and three months of Level V incarceration, suspended for one year of Level V Inpatient Drug Treatment, to be suspended upon successful completion for one year of Level IV Crest, to be suspended upon successful completion for one year of Level III Crest Aftercare. For each of the other two counts of Burglary in the Second Degree, Smith was sentenced to seven years and five months of Level V incarceration, suspended for one year of Level III Crest Aftercare.

*Smith v. State*, 160 A.3d 483, 2017 WL 1399749, at *1 (Del. 2017) (table decision).

Plaintiff alleges that Defendant Connections CSP, Inc. "is the company over the programs" he was "sentenced to for treatment due to addiction problems for self-medicating with substance abuse for mental health disorders." (D.I. 3 at p.5). The complaint states that Plaintiff arrived at Morris Community Correction Center in Dover, Delaware, on August 4, 2016, to finish his Crest sentence and was placed in an unsafe environment full of drugs and violence. MCCC houses substance abuse treatment (*i.e.*, Crest) and work release offenders. *See* http://doc.delaware.gov/BOCC/BOC_CCC_morris.shtml (last visited Mar. 15, 2018). Plaintiff alleges that he was surrounded by drugs, forced to stay with drugs, and asked for help to no avail. (D.I. 3 at p.5).

Plaintiff completed the Level IV Crest sentence on December 1, 2016. (*Id.*). He alleges that he was illegally detained after he completed the Level IV Crest sentence and involuntarily forced to stay at MCCC until he was sent to the James T. Vaughn Correctional Center on December 15, 2016 for violation of the Level 4 sentence he had completed. On December 30, 2016, Plaintiff was sentenced to Level V inpatient drug

treatment to be suspended upon successful completion for one year of Level IV Crest, to be suspended upon successful completion for one year of Level III Crest aftercare. (*Id.*).

On January 24, 2017, Plaintiff was transferred to the Howard R. Young Correctional Institution in Wilmington, Delaware and placed in the Key North Program, a treatment program administered by Defendant. (*Id.* at p.6). He completed the program on October 11, 2017. (*Id.* at p.7). Plaintiff alleges that he is sentenced to inpatient drug treatment, but it is not provided to him. (*Id.* at p.6). Rather, the Key North Program is a behavioral modification program run by inmates, not certified counselors. (*Id.*). Plaintiff further alleges he is deprived of confidentiality, mental health treatment, and the Key North staff lied to his face. (*Id.*). Plaintiff complains that the inmates who run the program forced him to stay longer. (*Id.*). He complains that he was to return to Crest and "be subject to another program" run by Defendant with the same rules and regulations. He alleges this is unnecessary, cruel and unusual redundant treatment that does not treat for substance abuse and mental health which is what he needs. (*Id.* at pp.6-7). Plaintiff complains that he has not been examined by an independent licensed professional in the area of substance abuse and treatment, and incarceration does not help or cure addiction. (*Id.* at p.7.).

After Plaintiff completed the Key North Program he was transferred to the CVOP and is now in the Crest Primary program. (*Id.*). He complains that the program subjects him to "more cruel and unusual punishment and mental abuse." (*Id.*). Plaintiff alleges that he is forced to sit in a chair 13 hours a day and "Program" from 7:00 a.m. until 8:00 p.m. (*Id.*). He alleges that he is deprived of sleep because he is awakened at 4:30 a.m.

3

and cannot go to sleep until 10:00 p.m. (*Id.*). Plaintiff alleges that his mental health is deteriorating. (*Id.*). He complains that when he completes the Crest Primary program, he must return to MCCC, go through the Crest/work release program again, and will not be allowed to work for 75 of the 90 days. (*Id.*). Plaintiff asserts that at MCCC he "will be forced to be secluded around drugs and violence, overdoses, verbal abuse, and continued violation of his constitutional rights. (*Id.* at pp.7-8).

Plaintiff seeks his immediate release, an investigation of Defendant, and compensatory damages.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

4

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth;

5

and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Liberally construing the Complaint, Plaintiff appears to raise two claims: (1) he is not provided appropriate substance abuse and mental health treatment; and (2) unlawful conditions of confinement because he is exposed to drugs, violence, overdoses, and verbal abuse.

**Medical Needs.** The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A "prison official may manifest deliberate indifference by intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

However, "a prisoner has no right to choose a specific form of medical treatment, "so long as the treatment provided is reasonable." *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. at 107. Notably, prisoners have no constitutional right to drug treatment or other rehabilitation. *Groppi v. Bosco*, 208 F. App'x 113, 115 (3d Cir. 2006).

Even when reading the complaint in the most favorable light to Plaintiff, he fails to state an actionable constitutional claim for deliberate indifference to a serious medical need. Rather, the complaint alleges that Plaintiff has, and continues, to undergo treatment for substance abuse. It is clear in reading the allegations that Plaintiff disagrees with the type of Crest programs in which he has been placed. His disagreement, however, does not rise to the level of a constitutional violation. Therefore, the claims will be dismissed as legally frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

**Conditions of Confinement.** A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of a minimal civilized measure of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). When an Eighth Amendment claim is brought, it must meet two requirements: (1) the deprivation alleged must be, objectively,

7

sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

Similar to the medical claim, the conditions of confinement claim does not rise to the level of a constitutional violation. Plaintiff does not allege that he was threatened with violence, was the victim of violence, or that he reported threats to prison officials that were ignored and resulted in violence towards him. Nor were Plaintiff's constitutional rights violated because he is subjected to verbal abuse. *See Aleem-X v. Westcott*, 347 F. App'x 731 (3d Cir. 2009) (verbal abuse of a prisoner, even of the lewd variety, is not actionable under 42 U.S.C. § 1983). Finally, Plaintiff's alleged exposed to illegal drugs in a prison does not violate his constitutional rights. *See Nunez v. Salamack*, 1989 WL 74940, at *1 (S.D.N.Y. June 26, 1989) (mere exposure to illegal drugs in prison does not constitute the unnecessary and wanton infliction of pain, even if the effect of such exposure hinders inmate's rehabilitation); *see also Shrader v. White*, 761 F.2d 975, 981 (4th Cir. 1985) (risk that Plaintiff is exposed to illegal drugs inside Department of Correction facilities is no greater than the risk of exposure when not incarcerated); *Alexander v. Padvaiskas*, 2015 WL 10433618, at *3 (D. Mass. Dec. 2, 2015) (right to be protected from voluntary consumption of illicit drugs is well beyond "the minimal civilized measures of life's necessities"). As a result, the conditions of confinement claims will be dismiss as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and §1915A(b)(1).

## CONCLUSION

For the above reasons, the Court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). The Court finds amendment futile. An appropriate Order will be entered.